# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDWIN FERNANDO ZELAYA LOSA, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) Case No. CIV-26-276-HE |
| ROBERT CERNA et al., | ) ) |
| Respondents. | ) ) |

## REPORT AND RECOMMENDATION

Petitioner Edwin Fernando Zelaya Losa, a noncitizen proceeding pro se,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge Joe Heaton referred the case to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. The Government responded, Doc. 7, and the time for Petitioner to reply has lapsed. So the matter is at issue.

---

[1]    This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). This Court construes pro se filings "liberally," but the Court will not "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2]    Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

For the reasons below, the undersigned recommends the Court grant Petitioner's habeas petition, in part, and order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

## I.    Factual background and procedural history.

Petitioner is a citizen of El Salvador who has been in Immigration and Customs Enforcement (ICE) custody since July 2025. Doc. 1, at 8. Petitioner entered the United States on June 26, 2016, without admission or parole after inspection. Doc. 7, Exs. 1, 2. On June 27, 2025, the Department of Homeland Security (DHS) placed him in removal proceedings under 8 U.S.C. § 1229a by issuing a Notice to Appear (NTA). Doc. 7, Exs. 1, 2. DHS charged him as removable under 8 U.S.C. § 1182(a)(6)(A)(i) of the Immigration and Nationality Act (INA) as an alien who is present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General. *Id.* Ex. 2. On August 13, 2025, he applied for asylum and withholding of removal. Doc. 7, at 4 & Ex.

2

1. Petitioner's next individual hearing is set for May 26, 2026.[3] He has been detained since July 2025 without a bond hearing. Doc. 1, at 8-9, 11.

## II.    Petitioner's claim.

Petitioner asserts his prolonged detention without a bond hearing or an individualized custody determination violates the Due Process Clause of the Fifth Amendment. Doc. 1, at 7. He seeks his immediate release or an immediate individualized bond hearing that places the burden on the Government to justify his continued detention. Doc. 1, at 8.[4]

## III.   Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United

---

[3]    *See   Edwin   Fernando   Zelaya   Losa*,   A   241-114-579, https://acis.eoir.justice.gov/en/caseInformation (last visited April 22, 2026). The Court takes judicial notice of the Executive Office for Immigration Review's data portal providing Automated Case Information.

[4]    Petitioner seeks attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Doc. 1, at 9. Petitioner is proceeding pro se, so he cannot recover attorney fees under the EAJA. *See Demarest v. Manspeaker*, 948 F.2d 655 (10th Cir. 1991) ("[A]ttorney fees are not available for pro se litigants under the EAJA.").

States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

"When called on to resolve a dispute over a statute's meaning," the Court should "seek[] to afford the [statute's] terms their ordinary meaning at the time Congress adopted them" and to "exhaust all the textual and structural clues bearing on the meaning." *Niz-Chavez v. Garland*, 593 U.S. 155, 160 (2021) (internal quotation marks omitted). This Court's "'sole function' is to apply the law as the Court finds it, . . . not defer to some conflicting reading the government might advance." *Id.* (internal citation omitted); *see also Oklahoma v. U.S. Dep't of Health & Hum. Servs.*, 107 F.4th 1209, 1222 n.11 (10th Cir. 2024) (stating that the court "must independently interpret the statutory phrase irrespective of the parties' positions"), *judgment vacated on other grounds*, 145 S. Ct. 2837 (2025).

## IV.   Discussion.

### A.   Section 1226 governs Petitioner's detention.[5]

Respondents assert that 8 U.S.C. § 1225(b)(2)(A) requires Petitioner's mandatory detention. Doc. 7, at 2-4, 9. This Court has compared §§ 1225 and 1226 and decided noncitizens like Petitioner are entitled to a bond hearing under § 1226(a). *See, e.g.*, *Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641, at *2 (W.D. Okla. Jan. 13, 2026); *see also Cortes v. Holt*, No. CIV-25-1176-SLP, 2026 WL 147435, at *3-7 (W.D. Okla. Jan. 20, 2026); *Lopez v. Corecivic Cimarron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at *3-7 (W.D. Okla. Jan. 21, 2026). The Court should reach the same result in this case.

Section 1225(b)(2)(A) "unambiguously requires that an 'applicant for admission' also be 'seeking admission' for the section to control," and "'[n]oncitizens 'seeking admission' are those who have not effected an entry into the United States.'" *Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *4 (W.D. Okla. Dec. 16, 2025) (quoting *Sacvin v. Anda-Ybarra,* 2025

---

[5]    Respondents argue that Petitioner's substantive due process claim under *Zadvydas* fails because it is premature. Doc. 7, at 5-6. To the extent that Petitioner raises such a claim, Respondents are correct, although for the wrong reasons. *Zadvydas* comes into play when a petitioner is subject to a final order of removal. *See id*. 533 U.S. at 682; 8 U.S.C. § 1231. No final order of removal exists for Petitioner.

3187432, at *3 (D.N.M. Nov. 14, 2025)). Petitioner effected entry into the country over nine years ago, so he is not subject to § 1225(b)(2)(A)'s mandatory detention requirement. *See Ramirez Rojas*, 2026 WL 94641, at *2 ("The court also agrees that § 1226(a), not § 1225(b)(2)(A), governs petitioner's detention."). Numerous Judges in this District have held likewise. *See Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *3 (W.D. Okla. Dec. 22, 2025) ("Because Petitioner has been unlawfully living in the United States for many years without seeking admission, this provision does not apply to him. Instead, Petitioner's detention is controlled by § 1226(a)."); *Escarcega v. Olson,* No. CIV-25-1129-J, 2025 WL 3243438, at *2 (W.D. Okla. Nov. 20, 2025) ("[B]ased on the plain language of § 1225(b)(2)(A), the phrase 'seeking admission' only applies to noncitizens who are presently and actively seeking lawful entry into the United States at the border.") (internal quotation marks and alterations omitted);[6] *see also Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025) ("[I]t is Congress's prerogative to define a term however it wishes, and it has chosen to limit the definition of an 'applicant for

---

[6]     *But see Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344, at *3 (W.D. Okla. Jan. 6, 2026) (holding § 1225 applied to the petitioner's detention); *Montoya v. Holt*, No. CIV-25-1231-JD, 2025 WL 3733302, at *12 (W.D. Okla. Dec. 26, 2026) (same).

admission' to 'an alien present in the United States who has not been admitted or who arrives in the United States.' It could easily have included noncitizens who are 'seeking admission' within the definition but elected not to do so." (internal citation omitted)).[7] As well as determining that if "all 'applicants for admission' are also 'seeking admission,' then § 1225(b)(2)(A)'s inclusion of the phrase 'seeking admission' would be redundant and courts should avoid statutory interpretations that 'make[] any part [of the statute] superfluous.'" *Escarcega*, 2025 WL 3243438, at *3 (quoting *Fuller v. Norton*, 86 F.3d 1016, 1024 (10th Cir. 1996)). And the Court has "declined to find" that either refusing to voluntarily depart or seeking asylum "'constitutes 'seeking admission' for purposes of this subsection.'" *Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL 227155, at *3 (W.D. Okla. Jan. 28, 2026) (quoting *Cruz-Hernandez v. Noem*, No. CIV-25-1378-D, 2026 WL 18932, at *1 (W.D. Okla. Jan. 2, 2026)); *see also Li v. Grant*, No. CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026) (finding "§ 1225(b)(2)(A) does not apply even though petitioner filed an application for asylum").

---

[7] *But see Avila v. Bondi,* 170 F.4th 1128, 1134-36 (8th Cir. 2026) (applying § 1225 to a similar habeas challenge); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 506 (5th Cir. 2026) (same).

When Petitioner was detained after residing in the country for over nine years, he was not subject to mandatory detention under § 1225(b)(2)(A). Instead, Petitioner is subject to § 1226, and "is entitled to a prompt bond hearing before an immigration judge pursuant to § 1226(a)." *Cortes*, 2026 WL 147435, at *7.

The undersigned therefore recommends the Court grant Petitioner's habeas petition and order Respondents to provide Petitioner with an individualized bond hearing before a neutral immigration judge under § 1226(a) within five business days of the Court's adoption of this Report and Recommendation or, in the alternative, immediately release Petitioner.

Normally, at a bond hearing authorized under § 1226(a), the noncitizen bears the burden of proving that he is neither a danger to the community nor a flight risk. *See* 8 C.F.R. § 236.1(c)(8); *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). Given Petitioner's prolonged detention under the incorrect statute, the Court should find that it is more appropriate for the Government to bear the burden of proof in this context. *See, e.g.*, *Garcia Cortes v. Noem*, 2025 WL 2652880, at *5 (D. Colo. Sept. 16, 2025) (citing *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024)). "Freedom from imprisonment . . . lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. Petitioner has now been detained without a bond hearing for nearly ten

8

months, depriving him of a core liberty interest. Under these circumstances, the Government ought to bear the burden of proving that he poses a danger to the community or a risk of flight such that he should remain in detention. And the clear and convincing standard that generally "applies to civil detention where liberty is at stake" is appropriate here as well. *See L.G.*, 744 F. Supp. 3d at 1186 (citing *United States v. Salerno*, 481 U.S. 739, 751 (1987), and *Addington v. Texas*, 441 U.S. 418, 433 (1979)).

## V.      Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court **grant** Petitioner's habeas application, in part, and **order Respondents to provide Petitioner with an individualized bond hearing before a neutral immigration judge under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period. At that hearing, the Government should bear the burden of justifying Petitioner's detention by clear and convincing evidence.**

**The undersigned further recommends that the Court order Respondents certify compliance by filing a status report within ten business days of the Court's order.**

The undersigned further recommends the Court order that:

9

- Respondents shall not re-detain Petitioner without a pre-deprivation hearing before a neutral IJ under 8 U.S.C. § 1226(a); and

- Counsel for Respondents provide a copy of the Court's order to Counsel for the Warden of the Cimarron Correctional Center without delay.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by April 27, 2026, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[8] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and

---

[8] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation to three days. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").

Recommendation disposes of the issues referred to the undersigned Magistrate

Judge in the captioned matter.

**ENTERED** this 23rd day of April, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

11