# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

EDWIN FERNANDO ZELAYA LOSA,   )
  )
        Petitioner,   )
  )
-vs-   )
  )   NO.  CIV-26-276-HE
ROBERT CERNA, et al.,   )
  )
        Respondents.   )

## **ORDER**

Petitioner Edwin Fernando Zelaya Losa, a native and citizen of El Salvador, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the legality of his detention by United States Immigration and Customs Enforcement (ICE) [Doc. #1].[1] He seeks immediate release, or an individualized custody hearing with the burden on the government to justify continued detention.  On April 23, 2026, United States Magistrate Judge Suzanne Mitchell issued a Report and Recommendation [Doc. #8], recommending the court grant in part petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and order respondents to provide petitioner with an individualized bond hearing before a neutral immigration judge under 8 U.S.C. § 1226(a) within five business days or otherwise release petitioner if he has not received a lawful bond hearing within that period.

---

[1] *The petition was filed by petitioner appearing pro se.  The federal respondents requested the court stay these proceedings pending inquiry into whether petitioner properly initiated these proceeding, based on the then-ambiguous status of Lorena Villalon, an attorney not then admitted to practice in this court but who apparently assisted petitioner in connection with the petition.  In light of Ms. Villalon entering her appearance and related circumstances, the court denied the request and permitted the matter to proceed. [Doc. #17].*

She also recommended that at the bond hearing, the government should bear the burden of justifying petitioner's detention by clear and convincing evidence.  Magistrate Judge Mitchell further recommended the court order respondents to certify compliance by filing a status report within ten business days of the court's order.  Lastly, Magistrate Judge Mitchell recommended the court order that respondents shall not re-detain petitioner without a pre-deprivation hearing before a neutral immigration judge under 8 U.S.C. § 1226(a) and counsel for respondents provide a copy of the court's order to counsel for the warden of the Cimarron Correctional Facility without delay.

With leave, the federal respondents filed an objection out of time to the recommended ruling [Doc. #13], and as encouraged, petitioner filed a reply [Doc. #17].  In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 73(b)(3), the court has conducted a *de novo* review of the matter.

The court concurs with the recommended ruling that petitioner is entitled to an individualized bond hearing under § 1226(a).[2]  The court declines to reconsider its ruling in Ramirez Rojas v. Noem, No. CIV-25-1236-HE, 2026 WL 94641, **1-2 (W.D. Okla. Jan. 13, 2026).  The court acknowledges the decisions in Avila v. Bondi, No. 25-3248, 170 F.4th 1128, 1133-38 (8th Cir. 2026),  Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502-08

---

[2] *The Executive Office for Immigration Review's data portal providing Automated Case Information, of which the court takes judicial notice, indicates that on June 12, 2026, the immigration judge ordered petitioner's removal, with any appeal of that decision due by July 13, 2026.  See A 241-114-579, https://acis.eoir.justice.gov/en/caseInformation (Last visited June 15, 2026).  Once a decision to remove an alien becomes "administratively final", it triggers, per 8 U.S.C. § 1231, a removal period during which the alien must be detained.  See Johnson v. Guzman Chavez, 594 U.S. 523, 528 (2021).  The removal order involved here is not yet final.*

(5th Cir. 2026), <u>Gutierrez Sosa v. Holt</u>, Case No. CIV-25-1257-PRW, 2026 WL 36344, at **3-5 (W.D. Okla. Jan. 6, 2026) and <u>Montoya v. Holt</u>, Case No. CIV-25-1231-JD, 2025 WL 3733302, at **5-12 (W.D. Okla. Dec. 26, 2025). The conflicting decisions of the judges in this district as well as the 2-1 decisions in <u>Avila</u> and <u>Buenrostro-Mendez</u> make clear that strong arguments support both statutory readings of the parties. However, the court remains persuaded that § 1226(a) governs and continues to follow similar rulings by the judges in this district[3] and the Courts of Appeals in <u>Lopez-Campos v. Raycraft</u>, 175 F.4th 713, 719-32 (6th Cir. 2026); <u>Hernandez Alvarez v. Warden, Federal Detention Center Miami</u>, 175 F.4th 1258, 1261-85 (11th Cir. 2026); <u>Barbosa da Cunha v. Freden</u>, 175 F.4th 61, 70-96 (2d Cir. 2026), among others. Further, the court declines to reconsider its prior ruling in <u>Li v. Grant</u>, No. CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026), that § 1226(a) applies even though petitioner applied for asylum.[4]

The court concludes that 8 U.S.C. § 1226(a) governs petitioner's detention, and thus, he is entitled to an individualized bond hearing. The court will therefore grant the habeas

---

[3] *See* <u>Lopez v. Corecivic Cimmaron Correctional Facility</u>, *Case No. CIV-25-1175-SLP, 2026 WL 165490, at **3-7 (W.D. Okla. Jan. 21, 2026);* <u>Valdez v. Holt</u>, *Case No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025);* <u>Colin v. Holt</u>, *Case No. CIV-25-1189-D, 2025 WL 3645176, at *2 (W.D. Okla. Dec. 16, 2025),* <u>Escarcega v. Olson</u>, *Case No. CIV-25-1129-J, 2025 WL 3243438, at *1 (W.D. Okla. Nov. 20, 2025).*

[4] *The court also concluded in* <u>Kudusov v. Grant</u>, *No. CIV-26-132-HE, that petitioner was not "seeking admission" for purposes of § 1225(b)(2)(A), despite a pending asylum application, relying in part on* <u>Iza by Iza v. Larocco</u>, *814 F. Supp. 3d 357 (E.D.N.Y. 2026) ("[W]hile [petitioner's] application for asylum and withholding of removal may indicate that he continues to seek something, what is seeks is not admission or lawful entry to the United States, but to obtain a lawful means to remain here where he has been continuously residing for more than three years.") (quotation marks and emphasis omitted). [Doc. #13, ECF p. 3]. As the Report and Recommendation indicates, petitioner entered the country on June 26, 2016.*

corpus petition to the extent it seeks an individualized bond hearing and order respondents to provide petitioner with a bond hearing pursuant to § 1226(a) within five (5) business days or otherwise release him if no hearing is held within that time.  The court will also order respondents to certify compliance within ten (10) business days.

As to the recommended ruling on the burden of proof, the court declines to adopt it. The court agrees with the decisions in Singh v. Figueroa, Case No. CIV-26-600-R, 2026 WL 1181699, at *1 n. 2 (W.D. Okla. April 30, 2026) and Singh v. Grant, Case No. CIV-26-279-J, 2026 WL 1035100, at *2 (W.D. Okla. April 16, 2026) and declines to specify or alter the burden of proof at this juncture. Additionally, neither party has offered any meaningful discussion of the burden of proof issue, and despite being specifically requested to address it, petitioner didn't.

Accordingly, the Report and Recommendation [Doc. #13] is **ADOPTED in part** and **DECLINED in part**.

The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **GRANTED in part**.  Respondents are **ORDERED** to provide petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within **five (5) business days** or otherwise release petitioner if he has not received a lawful bond hearing within that period.

Respondents are further **ORDERED** to certify compliance by filing a status report within **ten (10) business days** of the court's order.

If petitioner Edwin Fernanando Zelaya Losa is released, respondents shall not re-detain him without a pre-deprivation hearing before a neutral immigration judge under 8 U.S.C. § 1226(a).

4

Counsel for respondents shall provide a copy of the court's order to counsel for the warden of the Cimarron Correctional Facility without delay.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 15th day of June, 2026.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE